IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUTH E. RODRIGUEZ-BORGES,

    Appellant,

    v.

WIGBERTO LUGO-MENDER, ET AL.,

    Appellees.

**Civil No. 12-1171 (SEC)**
**Civil No. 12-1172 (SEC)**

**CONSOLIDATED**

## OPINION AND ORDER

The appellant, Ruth E. Rodríguez-Borges ("Borges"), a creditor in her ex-husband Manuel A. Domenech-Rodríguez's ("Domenech") Chapter 7 bankruptcy proceeding, appeals from two bankruptcy court's orders dated January 12, 2012. In the first, an opinion and order entered in Adversary Proceeding No. 11-00168, the Bankruptcy Court granted the Chapter 7 Trustee Wigberto Lugo-Mender's ("Trustee") request for immediate disqualification of Borges' legal representation due to a conflict of interest. Id. at 261-68.[1] In the second, an order entered in Bankruptcy Case No. 10-05835, the Bankruptcy Court denied Borges' request to lift the automatic stay to pursue in state court the final division and liquidation of conjugal funds allegedly withheld and misappropriated by Domenech. Docket # 13, p. 363. The Court has consolidated both appeals. Because both orders are not "final orders" for purposes of 28 U.S.C. § 158(a), this appeal is hereby **DISMISSED** for lack of jurisdiction.

---

[1] An Amended Opinion and Order of even date was issued with the sole purpose of correcting the defendant's last name in the caption.

**Civil No. 12-1171 (SEC)** Page 2
**Civil No. 12-1172 (SEC)**

**Factual and Procedural Background**

Borges and Domenech were married in 1984, and are the parents of a minor child ("A.G.D.R). Docket # 16. They divorced on December 21, 2000. Id. In the divorce case, the state court imposed Domenech the obligation to pay monthly child support in favor of A.G.D.R. Docket # 25, p. 27.

Later, Borges and Domenech reached an agreement to liquidate and divide the conjugal partnership's assets. Id. A property located in San Juan was adjudicated to Borges, while Domenech received two promissory notes -each for a value of one hundred two thousand five hundred dollars ($102,500.00), for a total of two hundred five thousand dollars ($205,000.00)- as guarantee of payment of his participation over the San Juan property. Id.; Docket # 19-3, p. 4-5.

The notes matured on November 1, 2004, and Borges had not yet complied with her payment obligation. In view of the risk that the property could be foreclosed at any time, on June 21, 2005, the state court issued a resolution declaring the San Juan property the homestead of A.G.D.R. Docket # 19-4, p. 2-3.

On June 30, 2010, Domenech filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Docket # 11, p. 17-54. A few months later, Borges filed the state court case Ruth E. Rodríguez-Borges v. Manuel A. Domenech-Rodríguez, Civil No. KAC 2010-1557(906), requesting the division and liquidation of the conjugal funds allegedly withheld and misappropriated by Domenech [hereinafter "state court case"]. Docket # 13, p. 280-81. Upon the Trustee's request, the state court stayed the case pending further bankruptcy proceedings. Id.; Docket # 13, p. 299.

**Civil No. 12-1171 (SEC)**  Page 3
**Civil No. 12-1172 (SEC)**

On August 11, 2011, the Trustee commenced an adversary proceeding by filing a complaint against Borges for collection and turnover of property of the estate [hereinafter "adversary case"]. The basis of the purported debt was the two promissory notes previously mentioned. Docket # 12, p. 159-178.

On November 8, 2011, Borges filed a motion in the bankruptcy case seeking to lift the automatic stay in the state court case. Docket # 13, p. 277-88. On even date, the Trustee requested in the adversary case the disqualification of Luis A. Meléndez-Albizu ("Albizu"), Borges' legal representative, due to a conflict of interest. Docket # 12, p. 220-25. The Trustee posited that Albizu appeared as the legal representative of Borges in the adversary proceeding, and also represented Borges "who, in turn, represent[ed] the Minor's interests in the bankruptcy estate by attempting to collect, enforce and obtain a declaration of non-discharge of a claimed domestic support obligation … against Debtor's estate." Docket # 13, p. 262. The Trustee alleged that "these two legal representations are in conflict with each other because if the Trustee prevails and obtains a successful outcome in the collection and turnover of property, it would mean an adverse decision for [Borges] but would result in recovery of money that will allow for distribution to the estate's creditors, including the Minor." Id.

On January 12, 2012, the Bankruptcy Court issued an opinion and order in the adversary proceeding granting the disqualification of Borges' legal representative. The Bankruptcy Court agreed with "the Trustee's position that … Albizu is representing the conflicting interests of both, a creditor and a debor to the bankruptcy estate." Docket # 13, p. 276. Finally, the Bankruptcy Court issued an order in the bankruptcy case denying Borges'

motion for relief from stay. The Bankruptcy Court indicated in its order that the motion for relief from stay was denied "for the reasons stated in the Opinion and Order in the adversary proceeding". Docket # 13, pp. 261-68, 363. This appeal followed.

**Standard of Review**

On appeal, a district court may affirm, modify, or reverse a bankruptcy court's judgment, or remand with instructions for further proceedings. Fed. R. Bkrtcy. P. 8013. The scope of this task, however, varies depending on whether the appeal revolves around findings of facts or conclusions of law. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bkrtcy. R. 8013; see also Fed. R. Civ. P. 52(a)(6). Accordingly, under the "clearly erroneous" standard, a reviewing court will only reverse a prior decision if it has the "definite and firm conviction that a mistake has been committed." In re the Bible Speaks, 869 F.2d 628, 630 (1st Cir. 1989) (citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (finding no clear error where conclusion of the bankruptcy court and the facts underlying it were supported by the record.). And if the finding of fact "is based on [the judge's] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson, 470 U.S. at 574.

In contrast, conclusions of law are reviewed de novo. Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998). This standard of review calls for the district court to

analyze and solve issues from the same perspective of the bankruptcy court, as if the issues were to be decided for the first time. Water Keeper Alliance v. U.S. Dept. of Defense, 271 F.3d 21, 31 (1st Cir. 2001).

Of course, to be reviewable on appeal, the issue at play (whether of fact or law) must have been properly preserved during the challenged proceedings. Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 146 (1st Cir. 2004) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal."). In other words, where the appellant raises an issue for the first time on appeal, the matter is generally deemed waived, unless he demonstrates either "clear and gross injustice" or "plain error." Muñiz v. Rovira, 373 F.3d 1, 5 (1st Cir. 2004).

**Applicable Law and Analysis**

The Trustee challenges this court's jurisdiction to review the order disqualifying Borges' counsel, and the order denying Borges' request to lift the automatic stay. Essentially, he argues that both bankruptcy court's orders are interlocutory orders unreviewable under 28 U.S.C. § 158(a). Docket # 25, p. 12. In contrast, Borges asserts that the orders are "final orders" reviewable as of right by this court. Docket # 16, p. 10-11; Docket # 28, p. 7-8. For the reasons stated below, the Court agrees with the Trustee's contentions.

This Court has jurisdiction to review bankruptcy court's decisions pursuant to 28 U.S.C. § 158(a). In pertinent part, 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals: (1) from final judgments, orders,

and decrees; (2) … ; and (3) with leave of the court, from other interlocutory orders and decrees." Id. (emphasis added). Thus, "final orders" are reviewable as a matter of right by the district courts, but review of interlocutory orders rests on the discretion of the court. Similarly, under 28 U.S.C. § 158(d), an appellate order entered by a district court sitting in bankruptcy is not appealable to the court of appeals unless it is "final," In re Harrington, 992 F.2d 3, 5 (1st Cir. 1993), and, outside the bankruptcy context, "28 U.S.C. § 1291 grants the courts of appeals jurisdiction of appeals from all 'final decisions of the district courts.'" Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 429 (1985).[2]

A decision is considered final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,'" In re Vázquez-Laboy, 647 F.3d 367, 372 (1st Cir. 2011) (quoting Catlin v. U.S., 324 U.S. 229, 233 (1945)); whereas an interlocutory order "only decides some intervening matter pertaining to the cause, and … requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." Harrington, 992 F.2d at 6 (quoting In re American Colonial Broadcasting Co., 758 F.2d 794, 801 (1st Cir. 1985)). The finality statutory requirement means "that 'a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." Id. (citing Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981)). The Supreme Court has expressed that this rule promotes efficient judicial administration, because immediate review of every trial court ruling would impose unreasonable disruption, delay,

---

[2] The First Circuit has explained that "[a]ppeals in bankruptcy proceedings are governed primarily by 28 U.S.C. § 158, although in Connecticut National Bank v. Germain, 503 U.S. 249 (1992), the Supreme Court clarified that jurisdiction under § 158 was in addition to, not in lieu of, the normal appellate jurisdiction provided by 28 U.S.C. §§ 1291-1292". In re Northwood Properties, LLC, 509 F.3d 15 (1st Cir. 2007).

and expense, and would undermine the ability of district judges to supervise litigation. Id. "Congress has expressed a preference that some erroneous trial court rulings go uncorrected until the appeal of a final judgment, rather than having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" Id. (citing U.S. v. Hollywood Motor Car Co., 458 U.S. 263 (1982)). "[T]he rule is [also] in accordance with the sensible policy of 'avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.'" Risjord, 449 U.S. at 374 (quoting Cobbledick v. U.S., 324 U.S. 229, 223 (1945)).

In order to accommodate concerns unique to the nature of bankruptcy proceedings, and because bankruptcy cases typically involve numerous controversies bearing only a slight relationship to each other, finality is given a flexible interpretation in bankruptcy. In re Northwood Properties, LLC, 509 F.3d 15, 21 (1st Cir. 2007); Harrington, 992 F.2d at 5; see also In re Empresas Noroeste, Inc., 806 F.2d 315, 316-17 (1st Cir. 1986) (relaxation of "finality" doctrine appropriate in bankruptcy proceedings only on sufficient showing of "special considerations bankruptcy proceedings deserve"). Accordingly, orders in bankruptcy cases may be immediately appealed if they finally dispose of all the issues pertaining to a discrete dispute within the larger case. Howard Delivery Service, Inc. v. Zurich American Ins. Co., 547 U.S. 651, 657 n. 3 (2006) (citing In re Saco Local Development Corp., 711 F.2d 441, 444 (1st Cir. 1983)); Northwood Properties, LLC, 509 F.3d at 21.

**Civil No. 12-1171 (SEC)**  Page 8
**Civil No. 12-1172 (SEC)**

*The order disqualifying Borges' counsel*

Since the 1980's "[t]he Supreme Court has expressly forbidden interlocutory appeals of disqualification orders." In re Bushkin Associates, Inc., 864 F.2d 241 (1st Cir. 1989); see the trilogy of cases Koller, 472 U.S. at 424 (disqualification orders in civil cases are not final for purposes of 28 U.S.C. § 1291, and the collateral order exception to the finality rule is not applicable), Flanagan v. U.S., 465 U.S. 259 (1984) (disqualification orders in criminal cases do not satisfy conditions for interlocutory appeal), and Risjord, 449 U.S. at 368 (orders denying a motion requesting the disqualification of counsel may only be reviewed after final judgment).[3] The disqualification order before the Court fits squarely within the clear mandate of the Supreme Court against interlocutory review, except for the fact that the order was issued in a bankruptcy proceeding.

The parties have not cited nor the Court has found any First Circuit decision making a conclusive determination as to whether Koller, which specifically resolves the issue of the appealability of disqualification orders for civil cases, applies in the bankruptcy context for purposes of Section 158(a) or 158(d).[4] To be sure, the First Circuit has recognized the

---

[3] To fall within the "collateral rule" exception, an order must at a minimum satisfy the following three conditions: "it must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'" Koller, 472 U.S. at 431. In Koller, the Supreme Court held that an order disqualifying counsel does not satisfy the second and third prongs of this test. Id.

[4] The only First Circuit decision found which considers a disqualification order issued in a bankruptcy case is In re Continental Investment Corp., 637 F.2d 1 (1st Cir. 1980). In Continental, the First Circuit determined that an order denying the disqualification of an attorney in a bankruptcy proceeding is not immediately appealable as of right. Although this decision preceded Koller, and was decided under the Bakruptcy Act, most of the arguments provided by the First Circuit in support of its decision are applicable to a finality determination under Section 158. The First Circuit observed that "attorney disqualification motions can and do arise in any type of litigation whatsoever –their invocation in bankruptcy proceedings is only accidentally related to the

importance of the Koller/Flanagan/Risjord trilogy in In re Bushkin Associates, Inc., 864 F.2d 241 (1 Cir. 1989). In concluding that a mandamus was not available to challenge a disqualification order, the First Circuit observed in Bushkin that "[i]n our judgment, this result is reinforced by recognition of the strict limits which the Court has placed on immediate appealability of interlocutory disqualification orders … Agreeing to entertain advisory mandamus in this instance would flout the well-reasoned jurisdictional curbs erected by the Koller/Flanagan/Risjord trilogy." Id. at 247.

Therefore, in light of the Supreme Court's strong mandate against the appealability of interlocutory disqualification orders, the First Circuit's recognition of the limits imposed by this trilogy of cases, and the lack of arguments by the appellant against the application of this analysis in the bankruptcy context, the Court sees no reason to establish a different rule and depart from the holding in Koller. As explained by the First Circuit, the fact that "we are operating under § 158(d) rather than § 1291 makes little difference." The Court noted that given "'[t]he great similarity between an adversary proceeding in bankruptcy and an ordinary civil action,' the standards regarding finality in civil actions will track the standards to be applied to judgments in bankruptcy proceedings." In re Rivera-Torres, 432 F.3d 20 (1st Cir. 2005) (quoting Harrington, 992 F2d. at 6 n. 3).

---

Bankruptcy Act." Id. at 4. It further provided that "[w]ere we to have any substantial doubt on this matter, it would nonetheless be resolved in favor of finding a nonappealable controversy by virtue of the preference for such treatment in close cases." Id. Finally, the Court declined to exercise jurisdiction under the "collateral order" exception and stated that "[o]ur decisions have consistently declined to allow the prospect of possibly substantial litigation burdens, or even of relitigation itself, to circumvent the policy against piecemeal review." Id. at 6.

The rule allowing a more flexible interpretation of the finality statutory requirement in bankruptcy cases does not upset the foregoing conclusion. Some courts have held that disqualification orders are final based on factors explicitly rejected in Koller. See Richard A. Bales, The Nonappealability of Disqualification Orders in Bankruptcy Proceedings, 4 J. Bankr. L. & Prac. 543 (1995). Arguments such as the delay and additional litigation expenses resulting from having to retain alternate counsel, the need to vindicate the client's choice of counsel, the interest of the attoneys in correcting what they claim may be an erroneous finding of miscounduct or conflict, and the concern about the tactical use of disqualification motions to harass opposing counsel, have already been considered and discarded by the Supreme Court in Koller. Because these arguments are common to civil, criminal, and bankruptcy proceedings, they can hardly be considered to be among the "concerns unique to the nature of the bankruptcy proceedings" that would justify the adoption of a different rule. Harrington, 992 F.2d at 5. Therefore, Koller controls here.

Moreover, the order disqualifying Borges' counsel was issued in an adversary proceeding within the bankruptcy case. The central issue of the adversary proceeding -the collection and turnover of property of the estate- remains before the bankruptcy court. The flexible interpretation of the finality rule allowed in bankruptcy cases is limited to circumstances in which the appealed order disposes of all the issues pertaining to a discrete dispute within the larger case. See Howard Delivery Service, 547 U.S. at 657, n. 3. As another court in this district has recently stated: "[t]he resolution of an adversary proceeding within the bankruptcy case can constitute the disposition of a 'discrete dispute,' since and 'adversary proceeding is perhaps the clearest example of a discrete dispute or judicial unit

within the bankruptcy case.'" State Insurance Fund Corp. v. Medsci Diagnostics, Inc., No. 10-2239, 2012 WL 827116, at *2 (D.P.R. Mar. 9, 2012) (quoting In re Bank of New England Corp., 218 B.R. 643, 647 (1st Cir. BAP 1998). By like token, the First Circuit has said:

> In the typical adversary proceeding, the finality determination closely resembles the finality determination in an ordinary [civil case] … Just as an appeal in a civil action normally may not be taken … until all claims of all parties to the action have been finally resolved, … so too must some special justification be shown for departing from the finality rule relating to adversary proceedings and contested matters. Harrington, 992 F.2d at 6 n.3 (1st Cir. 1993); see also Medsci Diagnostics, 2012 WL 827116, at * 2.

Accordingly, the present disqualification order is an interlocutory ruling within a discrete dispute -the adversary proceeding in which it was issued- and it is not reviewable under Section 158(a).[5]

For the reasons explained above, the appeal from the disqualification order is hereby **DISMISSED** for want of jurisdiction.

*The order denying Borges' request to lift the automatic stay*

The Trustee next argues that the order denying Borges' request to lift the automatic stay is not a "final order", because such denial was based solely upon the disqualification of Borges' counsel. Docket # 25, p. 22. Borges, however, disputes this argument alleging that the text of the order is clear and that "[t]he Bankruptcy Court did not 'postpone' the request. Instead, it 'denied' the request to lift the stay, albeit due to its disqualification of the undersigned counsel." Docket # 28, p. 8. Borges thus argues that the denial of the request to

---

[5] The disqualification order may be reviewed after the Bankruptcy Court enters an order disposing of the discrete dispute, that is, the adversary proceeding within the bankruptcy case.

lift the automatic stay is an appealable order under Section 158(a)(1). A careful review of the Bankruptcy Court's order and related procedural events supports the Trustee's contention.

"The concept of finality in bankruptcy cases is, in a word, 'complicated.'" In re Henriquez, 261 B.R. 67 (B.A.P. 1st Cir. 2001) (citing Brandt v. Wand Partners, 242 F.3d 6 (1st Cir. 2001). The determination of whether a bankruptcy court's ruling upon a motion requesting relief from a stay is a final order is no exception. Id.

The Courts of Appeals that have addressed this issue have uniformly held that an order lifting a stay is a final order. 1-5 Collier on Bankruptcy ¶ 5.09 (16th ed. 2013); In re Calore Express Co., Inc., 288 F.3d 22 (1st Cir. 2002); Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553 (1st Cir. 1986); Henriquez, 261 B.R. at 67. In Tringali, the First Circuit followed the approach of other circuits that had previously held "that an order lifting an automatic stay is an order disposing of a discrete dispute, and it is therefore final and appealable." However, it is not clear whether a bankruptcy court's denial of a motion to lift the automatic stay is always immediately appealable. Id. In Calore, the First Circuit expressly declined to reach this question. Id. at 34 (citing Henriquez, 261 B.R. at 67 (holding that a bankruptcy court's denial of a motion for relief from an automatic stay is not subject to an appeal as of right under Section 158(a) "unless it completely resolves all issues between the parties with respect to the discrete dispute at stake in the ruling")). The First Circuit only held that the order under its consideration, which denied the lift of the stay, was a "final order" because "the bankruptcy court's order clearly did decide the relevant dispute between the parties." Id. It follows from these decisions that an order denying a relief from

stay could be immediately appealable only if the court entertained and decided the request on the merits, and such ruling disposes of the discrete dispute within the bankruptcy case.[6]

In the present case, after the filing of the motion requesting the relief from the stay, the Bankruptcy Court set a preliminary hearing for December 6, 2011. In the minutes of the hearing, the bankruptcy court stated that "it first needs to resolve the attorney conflict allegations before the other matters currently at hand." Docket # 13, p. 360. The Bankruptcy Court also scheduled a final hearing for January 17, 2012, and indicated that the movant waived the thirty (30) days determination period and that the stay remained in full force and effect pending the conclusion of the final hearing. Id. On January 12, 2012, the Bankruptcy Court denied the motion for relief from stay "for the reasons stated in the opinion and order in the adversary proceeding 11-168 [the disqualification of Borges' counsel due to a conflict of interest]." Id. at 363. Accordingly, the Court vacated and set aside the final hearing scheduled for January 17, 2012. Id.

Although the reasoning of the bankruptcy judge is not entirely clear, the Court may conclude from the above record that the request for relief from the stay was denied without entertaining the merits of the request. "'On the merits' means that the factual issues directly involved must have been actually litigated and determined." Milenkovic v. González, 2012 WL 2064535, Adv. No. 11-01672 (Bkrtcy. D.N.J. June 7, 2012).

---

[6] The Court will use the term "on the merits" to refer to a determination in which the court evaluated the substantive arguments of the parties. A judgment, for example, is normally said to have been rendered "'on the merits' only if it was 'delivered after the court ... heard and *evaluated* the evidence and the parties' substantive arguments.'" Johnson v. Williams, 133 S.Ct. 1088, 1097 (2013) (citing Black's Law Dictionary 1199 (9th ed. 2009)) (emphasis in the original).

According to the clear language of the order, the Bankruptcy Judge denied the request not for a reason directly related to the dispute at issue, but due to the disqualification of Borges' counsel. Moreover, the hearing required previous to a determination of a relief from stay was never held.[7] See 11 U.S.C. § 362(e). At such hearing "[t]he question for the bankruptcy court … is generally whether the creditor's claim to the estate's property is colorable." Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 32-34 (1st Cir. 1994) (citing Matter of Vitreous Steel Products Co., 911 F.2d 1223 (7th Cir. 1990)); Calore, 288 F.3d at 35. This question was postponed for the final hearing in order to first rule upon the motion requesting the counsel's disqualification. The final hearing, however, was vacated as part of the order denying the request for relief from the stay.

Therefore, the order subject to this appeal did not address, much less disposed of, the discrete dispute within the larger case. For this reason the Court finds that it is an interlocutory order not reviewable under Section 158(a). A contrary holding would flout the strong policy against piecemeal litigation, and "the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference". Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 380 (1987) (citing Risjord, 449 U.S. at 374). For the reasons explained above, the appeal from the order denying the request to lift the automatic stay is hereby **DISMISSED** for lack of jurisdiction.

---

[7] The denial seems reasonable to this court since successor counsel may or may not decide to follow this same legal strategy, or because the delay that would be caused for requiring Borges to retain alternate cousel would conflict with the statutory requirement that actions with regard to a motion for relief from stay must be taken swiftly. See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 31 (1st Cir. 1994) (citing Matter of Vitreous Steel Products Co., 911 F.2d 1223 (7th Cir. 1990)); 11 U.S.C. § 362(e). The Bankruptcy Court thus may have had these and other compelling reasons to deny the request summarily.

*Jurisdiction to hear appeals with leave of court*

Finally, the Court declines to exercise its discretion under 28 U.S.C. § 158(a)(3). Under 158(a)(3) this court has jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

In reaching this determination, most courts have adopted the standard used under 28 U.S.C. § 1292, which deals with appeals of interlocutory orders from district courts to courts of appeals. 10-8003 Collier on Bankruptcy ¶ 8003.03 (16th ed. 2013). In determining whether to exercise its discretion to grant leave to appeal, the Court must "consider whether: (1) the 'order involves a controlling question of law'; (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation'" Medsci Diagnostics, 2012 WL 827116, at * 2 (quoting Bank of New Eng. Corp., 218 B.R. at 652); see also 28 U.S.C. § 1292(b). The First Circuit has instructed courts to grant leave sparingly and only in exceptional circumstances Id. (citing In re San Juan DuPont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988). "For an issue to rise to the level of difficulty and significance required under § 1292(b), the case must involve 'difficult and pivotal questions of law not settled by controlling authority.' Id. (quoting Bank of New Eng. Corp., 218 B.R. at 652.

In the present case, Borges has not requested leave to appeal, and this case does not meet any of the above enumerated factors. Indeed, there are no exceptional circumstances that would compel this court to exercise its discretion.

**Conclusion**

For the reasons explained above, this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2013.

           *S/ Salvador E. Casellas*
           SALVADOR E. CASELLAS
           U.S. Senior District Judge